UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 12-22993-CIV-MARTINEZ

LEON H. HARRIGAN,

   Plaintiff,

v.

ERNESTO RODRIGUEZ,

   Defendant.
_____/

## ORDER ON MOTIONS IN LIMINE

**THIS CAUSE** comes before the Court upon Defendant's Motion in Limine, (ECF No. 198), and Plaintiff's Motion in Limine, (ECF No. 200). The Court heard the parties' arguments on the matter during Calendar Call on August 11, 2021. After careful consideration of the Motions and the parties' oral arguments, the Court finds as follows.

### I.   LEGAL STANDARD

Motions in limine "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mowbray v. Carnival Corp.*, No. 08-20937-CIV, 2009 WL 10667070, at *2 (S.D. Fla. April 13, 2009) (citations omitted). "In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Mowbray*, 2009 WL 10667070, at *2. The burden of demonstrating that the evidence

1

is inadmissible on any relevant ground rests with the movant. *Id.* (citing *Bowden*, 2001 WL 617521, at *1).

"[T]he district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Mowbray*, 2009 WL 10667070, at *2 (quoting *Luce v. United States*, 469 U.S. 38, 42 (1984)). In the same vein, "limine motions that are granted are done so without prejudice to the adverse party's proffering the evidence, outside the presence of the jury" and "[l]imine motions that are denied are done so without prejudice to the movant's renewing the objection, if and when the objected-to evidence is offered at trial." *O'Bryan v. Joe Taylor Restoration*, No. 20-80993, at *1 (S.D. Fla. June 3, 2021).

**II.     DISCUSSION**

Plaintiff and Defendant move for a pretrial ruling on several issues. The Court turns to each one in turn below.

### A. Defendant's Request No. 1 – Evidence Inconsistent with Criminal Convictions

First, Defendant seeks to preclude Plaintiff from offering evidence or testimony inconsistent with his criminal convictions. At Calendar Call, Plaintiff's counsel stated that Plaintiff does not intend on taking a position inconsistent with his criminal convictions. Accordingly, and for the reasons stated in open court at Calendar Call, the Court denies this request. Should Plaintiff testify in a manner inconsistent with his criminal convictions, however, Defendant is permitted to impeach Plaintiff with his Florida criminal convictions, consistent with the Court's ruling in its first Order on Plaintiff's Motion in Limine, (ECF No. 180).

### B. Defendant's Request No. 2 – Alleged Violations of Miami Dade Police Department ("MDPD") Policies

Second, Defendant moves to exclude evidence that the police officers involved, including Defendant, violated policies, procedures, rules, or regulations during the incident in question. The

Court agrees. As both the Supreme Court and the Eleventh Circuit have held in similar cases, Plaintiff "cannot establish a [constitutional] violation based merely on bad tactics that result in a deadly confrontation that could have been avoided." *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 813 (11th Cir. 2017) (citing *City & Cnty. of San Francisco, Ca. v. Sheehan*, 575 U.S. 600, 615 (2015)). This is so because "many police departments have internal procedures that are more restrictive of conduct than what is otherwise permitted under state and federal law[.]" *Id.* Permitting this evidence would simply "confuse the jurors by leading them to believe that they could find liability based on a violation of [MDPD] polic[ies] rather than on a [constitutional] violation[.]" *Id.* Defendant's Request No. 2 is therefore granted.

### C. Defendant's Request No. 3 – Testimony Insinuating that the Post-Shooting Investigation was Flawed

Third, Defendant seeks to exclude any testimony insinuating that the post-shooting investigation was flawed because it is unsupported and irrelevant. The Court agrees with Defendant that this information is not relevant. The parties agree that the sole issue for the jury to decide is whether Defendant was justified in discharging his firearm at Plaintiff. Accordingly, any evidence as to the propriety of the post-shooting investigation and as to what should have been done during the investigation is of no consequence to whether Defendant violated Plaintiff's constitutional rights when he shot him. Defendant's Request No. 3 is granted.

### D. Defendant's Request No. 4 – Officers' Disciplinary History

Fourth, Defendant asks the Court to exclude evidence of Defendant and Officers Baldwin and Carter's disciplinary histories because it is the "classic bad character evidence used to show a propensity to use excessive force" that is prohibited by Federal Rule of Evidence 404(b). (ECF No. 198 at 13). Plaintiff's only argument in favor of admitting this evidence is that "it's only fair" that if evidence of Plaintiff's twenty-seven convictions is admitted, then Defendant's history of

3

excessive force should also be admitted for impeachment purposes. But Defendant does not contest that this evidence may be used to impeach him if he testifies that he has never done anything wrong as a police officer. Defendant contends, however, that he will not do that, and that beyond impeachment, there is no other path for admissibility of this evidence. Defendant's position is correct. Evidence of complaints against Defendant to show his propensity of using excessive force is precisely the type of evidence Rule 404(b) does not allow. *See Luka v. City of Orlando*, 382 F. App'x 840, 842–43 (11th Cir. 2010) (affirming district court's exclusion of evidence of prior complaints against the defendant police officer in a civil rights action under Fed. R. Evid. 404(b)). For these reasons, Defendant's Request No. 4 is granted. Plaintiff may not introduce evidence of prior complaints against Defendant to show that he had a propensity for using excessive force.[1]

### E. Defendant's Request No. 5 – Hearsay Documents

Fifth, Defendant requests that the Court exclude two documents as hearsay: (1) correspondence from MDPD's Professional Compliance Bureau; and (2) the Miami-Dade County criminal justice infraction docket in case numbers F12011989, F12011990, and F12017439, the associated criminal cases pertaining to Plaintiff's underlying arrest in this case. Because the Court has not had an opportunity to examine these documents, and the parties did not present their arguments to the Court at Calendar Call, the Court defers ruling on their admissibility.

### F. Defendant's Request No. 6 and Plaintiff's Request No. 1 – Plaintiff's Criminal Convictions Unrelated to this Case

Finally, Defendant seeks to admit evidence of Defendant's felony convictions dating back to 1988. Plaintiff's motion seeks to exclude this evidence. Defendant argues that he is seeking to

---

[1] As to evidence of complaints against other police officers who were present at the scene. This evidence is not relevant and under Rule 404(b)(1), may not be introduced to prove propensity.

admit evidence of Defendant's twenty-seven felony convictions under Federal Rule of Evidence 404(b)(2) to prove motive, intent, knowledge, absence of mistake, and lack of accident.[2]

Federal Rule of Evidence 404(b)(2) prohibits the introduction of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, indemnity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Defendant seeks to admit Plaintiff's twenty-seven criminal convictions to show that Plaintiff was a convicted felon and had motive to flee from Defendant and the other officers at the time he was stopped. While generally Plaintiff's motive is not at issue in this case, Plaintiff's position is that he did not flee as soon as he saw the police officers stop him, rather, that he fled only *after* he was shot out of fear for his life. To disprove this position, Defendant seeks to introduce Plaintiff's past criminal convictions to prove that Plaintiff had motive to flee from the police as soon as he was stopped, and before he was shot. The evidence is therefore admissible under Rule 404(b)(2). For these reasons, Defendant's Request No. 6 is granted and Plaintiff's Request No. 1 is denied.

### G. Plaintiff's Request No. 2 – Events that Took Place Post-Shooting

Plaintiff also moves to exclude evidence of the events that took place after Plaintiff exited the intersection. Defendant opposes because he argues that, first, this evidence goes to Plaintiff's

---

[2] The Court has already ruled that evidence of Plaintiff's eight criminal convictions underlying this civil rights action. But the Court only addressed these convictions in the context of Federal Rule of Evidence 609 and 403. In doing so, it held that Defendant will be permitted to introduce a stipulation that Harrigan was convicted of the Florida criminal convictions underlying this case, but these convictions cannot be introduced for any other reason. (ECF No. 180).

state of mind before and during the shooting, and second, it goes towards mitigation of damages. Defendant's arguments fail.

First, the Court disagrees that this evidence goes to Plaintiff's state of mind. What happened after the shooting is not relevant to why Plaintiff fled the scene when he did. Moreover, as stated previously, generally, the reason Plaintiff fled is not relevant because it is Defendant's state of mind that is at issue. Instead, the only relevant factual inquiry for the jury is whether Plaintiff fled *before* he was shot, and thus any motive Plaintiff may have had to flee before being shot would be relevant. The events that took place after he left the intersection are not relevant to this factual dispute.

Neither does Defendant's argument that this evidence goes to Plaintiff's failure to mitigate his damages succeed because Defendant failed to plead the failure to mitigate as an affirmative defense. Failure to mitigate is an affirmative defense under Federal Rule of Civil Procedure 8(c) and is waived by the failure to plead it. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000); *see also Keen v. Regional Emergency Medical Services of Ga., Inc.*, 913 F. Supp. 2d 1374, 1381 (M.D. Ga. 2012). Defendant is not permitted to raise unpled affirmative defenses at trial. *See Stepanovich v. Bradshaw*, No. 14-cv-270, 2017 U.S. Dist. LEXIS 230106, at *6 (M.D. Fla. Feb. 3, 2017) (granting motion in limine to preclude defendant from raising unpled affirmative defenses); *Regions Bank v. Kaplan*, No. 12-cv-1837, 2016 U.S. Dist. LEXIS 57546, at *8 (M.D. Fla. Apr. 29, 2016) (granting motion in limine to exclude evidence or argument relating to unpled legal theories). As such, evidence of the events that took place after Plaintiff exited the intersection where he was shot are not relevant and must be excluded. Plaintiff's Request No. 2 is granted.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion in Limine, (ECF No. 198), is **GRANTED in part and DENIED**, as stated herein.

2. Plaintiff's Motion in Limine, (ECF No. 200), is **GRANTED in part**.

3. If appropriate, the parties may raise these evidentiary issues at trial—in a sidebar conference or outside the presence of the jury—if they believe the opposing party has opened the door to this evidence. The Court **ADVISES** counsel to tread lightly around these issues and to exercise an abundance of caution. Failure to comply with this Court's Order **SHALL** result in appropriate sanctions.

DONE AND ORDERED in Chambers at Miami, Florida 15 day of August, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record