UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 12-22993-CIV-MARTINEZ

LEON FITZGERALD HARRIGAN,

    Plaintiff,

v.

ERNESTO RODRIGUEZ,

    Defendant.

_____/

**ORDER OVERRULING OBJECTIONS AND AFFIRMING
MAGISTRATE JUDGE BECERRA'S ORDER**

THIS MATTER comes before the Court upon Plaintiff's Objections to Magistrate Judge's Order ("Objections"). (ECF No. 222). Defendant objects to Judge Becerra's Order Memorializing Ruling on Defendant's Motion to Strike Expert and Plaintiff's Cross-Motion to Strike Expert ("Order"). (ECF No. 220). The Court has considered the Objections, the entire file and record, and is otherwise fully advised in the premises. For the reasons stated herein, the Objections are **OVERRULED**, and Judge Becerra's Order is **AFFIRMED**.

Pursuant to Federal Rule of Civil Procedure 72(a), on non-dispositive matters, "[a] party may serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy." *See also* S.D. Fla. L.R. 4(a)(1). "The District Judge shall consider the [objections] and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." S.D. Fla. L.R. 4(a)(1); *see* Fed. R. Civ. P. 72(a). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). An order is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citing *Cooter & Gell v. Hartmax Corp.*, 49 U.S. 384, 404 (1990)).

Approximately two weeks before trial, Defendant filed a Motion to Strike Plaintiff's Untimely and Incomplete Expert Disclosure. (ECF No. 194). Plaintiff responded in opposition to Defendant's motion, and cross-moved to strike Defendant's expert witness. (ECF No. 202). The motions were referred to Magistrate Judge Jacqueline Becerra pursuant to 28 U.S.C. § 626. (ECF No. 195). Judge Becerra held a hearing on the matter one week before trial, on August 8, 2022, and ruled on the Motions at that time. She then filed the Order at issue. (ECF No. 220). Plaintiff appealed the Order minutes before trial began on January 15, 2022. (ECF No. 222).

Plaintiff argues that Judge Becerra erred by: (1) failing to conduct an evidentiary hearing; (2) concluding that Plaintiff's failure to meet the expert deadline was unjustified despite the existence of extenuating circumstances; and (3) failing to apply the ruling equally to both parties. Defendant responds that, as to the second and third points, Plaintiff merely rehashes the arguments already raised before Judge Becerra. As to the first point, Defendant argues that Plaintiff never raised this argument before Judge Becerra. After careful consideration, the Court concludes that Judge Becerra's Order was not clearly erroneous or contrary to law.

Plaintiff first argues that Judge Becerra erred in failing to conduct an evidentiary hearing to resolve the disputed issues of material fact as to the parties' agreement to extend the discovery deadline. Plaintiff, however, cites no authority—nor did the Court's research reveal any—supporting his position that Judge Becerra was required to hold an evidentiary hearing. Indeed, all the cases cited by Plaintiff relate to disputes over the terms of a settlement agreement. *See, e.g.*, *Batton v. City of Jasper*, 354 F. App'x 400, 402 (11th Cir. 2009) ("The district court abused its discretion in this case by enforcing the proffered *settlement agreement* without holding an evidentiary hearing and taking sworn testimony." (emphasis added)); *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) ("When material facts concerning the existence or terms *of an agreement to settle* are in dispute . . . the parties must be allowed an evidentiary hearing." (emphasis added)); *Scayles Est. of Williams v. Inc.*, No. 3:19-cv-1311, 2021 WL 3476563, at *10 (M.D. Fla. Apr. 22, 2021) (report and recommendation on a motion to enforce a settlement agreement); *George v. Lenny's Franchisor, LLC*, No. 05-22870-CIV, 2006 WL 8433287, at *3 (S.D. Fla. June 30, 2006) (same). Unlike an agreement between counsel to extend a pretrial deadline, a settlement agreement is a binding contract between the parties.

Regardless, the alleged dispute of fact here is immaterial. On the one hand, Defendant argued at the hearing before Judge Becerra and in his motion that the parties agreed to disclose

their experts *and* to exchange expert reports on July 22, 2022, the deadline set by the Court to complete expert discovery. Plaintiff, on the other hand, argues that the agreement between counsel was that the parties would disclose their experts on July 22, 2022, not that they would exchange their expert reports. According to Plaintiff's counsel, she understood the agreement to mean that Plaintiff would produce his expert reports "as soon as humanly possible." (Hearing Tr. at 22:18–21, ECF No. 212). Defendant disclosed his experts and the expert report on July 22, 2022, but Plaintiff did not. Notwithstanding, the parties agreed that Plaintiff would produce his expert report by July 27, 2022. Defendant's argument that the details of the parties' agreement are disputed, however, bear no significance on the fact that as of August 8, 2022, and as of the date of this order, Plaintiff has still not produced said report. In fact, the record shows that as of one week before the trial, the expert report had not even been completed by Plaintiff's expert.

The Court is cognizant of the circumstances of the case and understands that counsel for Plaintiff took this case on a *pro bono* basis at a late stage. That said, as Judge Becerra aptly pointed out, when the parties unilaterally agree to do things after the pretrial deadlines set by the Court, they "do so at [their] own peril." (Hearing Tr. at 24:10–13). Had the parties sought an extension of the pretrial deadlines, the Court would have considered granting one. Plaintiff's counsel's position, while understandably difficult, does not override the prejudicial effect this late disclosure would have on Defendant, who not only agreed to extend the deadline for Plaintiff to produce his expert report past the Court's discovery deadline, but even agreed to pay for Plaintiff's expert deposition. Now, two days into the trial, it is far too late to allow Plaintiff to produce his expert reports, as Defendant would not have an opportunity to depose the expert before putting him on the stand.

Finally, Judge Becerra did not err in failing to apply the ruling equally to both parties. There is no dispute that Defendant complied with the parties' agreed-upon deadline for expert disclosures, i.e., July 22, 2022. There is also no dispute that Plaintiff's counsel agreed to conduct Defendant's expert's deposition after the Court's discovery deadline. Plaintiff cannot now seek to strike Defendant's expert as untimely simply because Defendant moved to strike his expert, especially when he does not dispute that he agreed to conduct the deposition after the discovery deadline. (*See* Hearing Tr. at 16:20–17:8).

The Court therefore finds that Judge Becerra's Order was not clearly erroneous or contrary to law, and that she did not abuse her discretion in striking Plaintiff's expert.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that:

1. Plaintiff's Objections to Magistrate Judge's Order, (ECF No. 222), are **OVERRULED**.

2. Magistrate Judge Becerra's Order, (ECF No. 220), is **AFFIRMED**.

DONE and ORDERED in Chambers at Miami, Florida this 16th day of August, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record